# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMUS BLANKENSHIP,<br><br>  Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE,<br><br>  Defendant. | Case No. 1:21-cv-00581-NONE-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Artemus Blankenship ("Plaintiff"), a state prisoner proceeding pro se and *in forma pauperis*, filed this action against the Department of Treasury, Internal Revenue Service on April 7, 2021. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff alleges that in December 2020, February 2021,[1] and March 2021, Plaintiff filed Forms 1040 to seek a refund of stimulus payments and has not received any correspondence from the Internal Revenue Service. Plaintiff brings this action seeking payment of $3,200.00 in stimulus payments.

The Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") established a mechanism for the Internal Revenue Service ("IRS") to issue economic impact payments ("EIP") to eligible individuals. Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020),

---

[1] Plaintiff's complaint alleges a date of February 2020 but the Court assumes this is a typographical error and that the date referenced is February 2021. Plaintiff is alleging that he has not received his stimulus payments, and the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") which provided the stimulus payments was signed into law in March of 2020. Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).

appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). The CARES Act established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code. Scholl, 489 F.Supp.3d at 1021. The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." Id. (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." Scholl, 489 F.Supp.3d at 1021.

"As a sovereign, the United States is immune from suit without its consent. The terms of the United States' consent to be sued, when granted, circumscribe the court's jurisdiction." Danoff v. United States, 324 F.Supp.2d 1086, 1091 (C.D. Cal. 2004), aff'd, 135 F.App'x 950 (9th Cir. 2005); see United States v. Dalm, 494 U.S. 596, 602 (1990) (The United States as sovereign is immune from suit unless it consents to be sued.)

Here, Plaintiff is claiming that he has not received a refund due based upon the filing of tax returns. Pursuant to 28 U.S.C. § 1346(a), the United States has consented to be sued in the district court for refund of taxes. But, the United States has consented to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS. United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v. United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002). Therefore, unless the taxpayer has "duly filed" a claim with the IRS for a refund of Federal taxes, the

1 district court is without jurisdiction over the claim for a refund. Danoff, 324 F.Supp.2d at 1092. "The filing of a timely claim is jurisdictional for a refund suit and cannot be waived." N. Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982). The IRS regulations require that the administrative claim must be filed:

> within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a). The tax code makes it clear that "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." Clintwood Elkhorn Min. Co., 553 U.S. at 5 (quoting Dalm, 494 U.S. at 602.)

"A taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." Omohundro, 300 F.3d at 1066; Danoff, 324 F.Supp.2d at 1092. Finally, the statute of limitations is not tolled due to equitable principals. Danoff, 324 F.Supp.2d at 1099 ("courts uniformly have held that equitable principles, including the doctrine of equitable estoppel, cannot toll statutes of limitation in tax refund suits"). Therefore, there are two distinct hurdles that Plaintiff must overcome to obtain a tax refund. First, Plaintiff must show that he filed his claim for a refund within three years from the time that his return was filed. Id. at 1092. Second, if Plaintiff filed a timely claim, then any refund would be limited by the provisions of section 6511(b)(2). Id.

Here, Plaintiff alleges that he has filed 1040 forms and has not received his refund and is seeking monetary relief. In order to bring a suit against the Government to seek his tax refund, Plaintiff was required to file an administrative claim with the IRS. While Plaintiff has alleged that he filed his tax returns, he has failed to allege that he filed an administrative claim as required by section 6511 in order to confer this court with jurisdiction over his claims related to the tax returns. Further, even if Plaintiff's correspondence with the IRS could be construed to be an administrative claim, he asserts that he has not heard anything from the IRS, and accordingly he has not received a decision on the claim. 26 U.S.C. § 6532(a)(1). Therefore, the Court finds that it lacks jurisdiction over the matter.

Plaintiff has failed to state a claim based upon the filing of his tax returns and the failure to receive a refund. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court shall provide Plaintiff with the opportunity to file an amended complaint.

## III.

## CONCLUSION AND ORDER

Based on review of the complaint in this action, the Court does not have jurisdiction to consider Plaintiff's claims based upon the filing of his tax returns. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **May 12, 2021**

UNITED STATES MAGISTRATE JUDGE