1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| ARTEMUS BLANKENSHIP, | Case No. 1:21-cv-00581-NONE-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT |
| v. | |
| DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | (ECF No. 10) |
| Defendant. | |

20
21
22
23
24
25
26
27
28

Artemus Blankenship ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action against the Department of Treasury, Internal Revenue Service ("IRS") on April 7, 2021. (ECF No. 1.) On May 12, 2021, the Court screened Plaintiff's complaint and found it lacked jurisdiction to consider Plaintiff's claims where Plaintiff failed to allege facts demonstrating compliance with the IRS's administrative claim requirements. (ECF No. 7.) Nevertheless, Plaintiff was granted thirty days to file an amended complaint to cure the identified deficiencies. (Id.) Thus, Plaintiff's first amended complaint was due by June 11, 2021. (See id.) On June 9, 2021, Plaintiff requested a 90-day extension of time to file his amended complaint. (ECF No. 8.) The Court partially granted Plaintiff's request by extending the deadline to file the

1  amended complaint to June 25, 2021.  (ECF No. 9.)  On July 1, 2021, Plaintiff filed his first

2  amended complaint.[1]  (ECF No. 10.)  The first amended complaint is now before this Court for

3  screening.  Having considered the first amended complaint, as well as the Court's file, the Court

4  issues the following screening order and findings and recommendations recommending that the

5  first amended complaint be dismissed without leave to amend, for lack of jurisdiction, and that

6  this action be dismissed.

7                                                    **I.**

8                              **SCREENING REQUIREMENT**

9          The Court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

13  "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

14  1915(e)(2)(B).

15          A complaint must contain "a short and plain statement of the claim showing that the

16  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

17  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

19  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

20  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

21  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

22          Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

23  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

24  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

25  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

26  _____

[1] Pursuant to the prison mailbox rule, Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009), Plaintiff's first
27  amended complaint is deemed filed the date of service, or June 27, 2021.  (See ECF No. 10 at 4.)  Plaintiff's filing
was still a day late.  The Court also notes Plaintiff additionally filed a "response" to the Court's June 11, 2021 order,
indicating he disapproves of the Court's anticipated dismissal of this action but has nevertheless submitted his first
28  amended complaint.  (ECF No. 11.)

that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff alleges that he filed a Form 1040 tax return in December 2020, seeking a refund of stimulus payments purportedly due under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), but that he has not received any correspondence from the IRS.  Plaintiff brings this action seeking payment of $1,800.00 in stimulus payments.[2]

### A.    Applicable Law

The CARES Act, codified in part at Section 6428 of the Internal Revenue Code, 26 U.S.C. § 6428, establishes a mechanism for the IRS to issue economic impact payments ("EIPs") to eligible individuals in the form of a tax credit.  Scholl v. Mnuchin (Scholl I), 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), appeal dismissed, No. 20-16915, 2020 WL 9073361 (9th Cir. Nov. 20, 2020).  Under § 6428(a), eligible individuals may receive a tax credit in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the number of qualifying children.  Scholl I, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)).  This amount is credited against the individual's federal income tax for the year 2020.  Id.  For purposes of the CARES Act, an eligible individual is defined as "any individual" other than (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust.  Id. at 1021 (citing 26 U.S.C. § 6424(d)).

The CARES Act provides that "each individual who was an eligible individual for such

---

[2] Plaintiff initially indicated the IRS owed him $3,200.00 in CARES Act refunds; however, he only seeks $1,800.00 in his first amended complaint.  Though the amended complaint is silent as to this change in prayer for relief, the Court notes Plaintiff's June 9, 2021 request for an extension of time to file the amended complaint indicates that Plaintiff received a refund from the IRS on May 26, 2021, in the amount of $1,400.00.  (ECF No. 8.)  Plaintiff is accordingly seeking only the remainder of the CARES Act refund he contends he is still owed in his amended complaint.

individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year."  Id. (quoting 26 U.S.C. § 6428(f)(1)).  Therefore, the Act provides that "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit."  Id.  Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020."  26 U.S.C. § 6428(f)(3)(A).

The CARES Act also has a reconciliation provision between the advance refund and the tax credit such that if a taxpayer receives an advance refund of the tax credit, then the amount of the credit is reduced by the aggregate amount of the refund.  26 U.S.C. § 6428(e).  Finally, the CARES Act delegates to the Secretary of the Treasury the authority to "prescribe such regulations or other guidance as may be necessary to carry out the purposes of this section, including any such measures as are deemed appropriate to avoid allowing multiple credits or rebates to a taxpayer."  26 U.S.C. § 6428(h).

1.   The Scholl Class

In Scholl I, the district court preliminarily certified the following class:

All United States citizens and legal permanent residents who:

(a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

(b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

(c) were not claimed as a dependent on another person's tax return; and

(d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

4

Scholl I, 489 F. Supp. 3d at 1047.  In Scholl v. Mnuchin (Scholl II), 494 F. Supp. 3d 661 (N.D. Cal. 2020), the court granted final certification of this class and entered the following declaratory relief:

> [T]he court finds and declares that title 26 U.S.C. § 6428 does not authorize defendants to withhold advance refunds or credits from class members solely because they are or were incarcerated.  The court further finds and declares that defendants' policy that persons who are or were incarcerated at any time in 2020 were ineligible for advance refunds under the Act is both arbitrary and capricious and not in accordance with law.

Scholl II, 494 F. Supp. 3d at 692.  A permanent injunction was entered and defendants were to reconsider EIPs that were denied solely due to an individual's incarcerated status.  Id. at 692–93. With respect to specific payments the court stated:

> The court takes no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments.  Indeed, the court's [Federal Rule of Civil Procedure] 23(b)(2) finding was premised on the "indivisible nature of the injunctive or declaratory remedy warranted" but not "an individualized award of monetary damages."  Dkt. 50 at 42 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61, 131 S.Ct. 2541, 180 L.Ed. 2d 374 (2011)).  The court's determination in this order is that the IRS's action was "arbitrary, capricious, . . . or otherwise not in accordance with law" and the appropriate remedy is to "hold unlawful and set aside" that agency action.  5 U.S.C. § 706(2).  It is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an "eligible individual" and meets the various criteria delineated in the Act.

Id. at 691.

    2.    Jurisdiction Under 28 U.S.C. § 1346(a)

Pursuant to 28 U.S.C. § 1346, the United States consents to be sued in the district court for refund of taxes.  28 U.S.C. § 1346(a)(1).  But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26

1   U.S.C. § 7422(a).

2   Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must

3   first comply with the tax refund scheme established in the Code by filing an administrative claim

4   with the IRS.  United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 4 (2008); Omohundro v.

5   United States, 300 F.3d 1065, 1066 (9th Cir. 2002); see 26 U.S.C. § 7422(a) (2002).

6   Furthermore, to overcome sovereign immunity in a tax refund action, the taxpayer must file a

7   refund claim with the IRS within the time limits established by the Internal Revenue Code.  N.

8   Life Ins. Co. v. United States, 685 F.2d 277, 279 (9th Cir. 1982) ("The filing of a timely claim is

9   jurisdictional for a refund suit and cannot be waived.").[3]  Thus, "[a] taxpayer's failure to file an

10  administrative claim within the time periods imposed by statute divests the district court of

11  jurisdiction over an action for a refund or credit."  Omohundro, 300 F.3d at 1066–67; Danoff v.

12  U.S., 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004).

13      **B.      Analysis**

14  Here, Plaintiff is currently incarcerated and alleges the IRS has not provided the EIPs

15  owed to him under the CARES Act.  For relief he seeks the Court require the IRS to provide him

16  all remaining EIPs.  To the extent he suggests the IRS withheld his refund solely because of his

17  incarcerated status, Plaintiff would be a member of the Scholl class and therefore not entitled to

18  separate individual relief.  See Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Gillespie v.

19  Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of the class and

20  other prisoners may assert any equitable or declaratory claims they have, but they must do so by

21  urging further actions through the class representative and attorney, including contempt

22  proceedings, or by intervention in the class action.").

23  Regardless, Plaintiff cannot establish he is entitled to the relief he seeks pursuant to the

24  CARES Act.  As noted above, the CARES Act imposed a deadline of December 31, 2020, for

25  EIPs to be made or allowed.  26 U.S.C. § 6428(f)(3)(A).  That deadline passed well before

26  Plaintiff initiated this case on April 7, 2021, and no more funds may be issued.  Any tax rebate

27  _____

    [3] The IRS regulations require that the administrative claim must be filed: "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).

28

Plaintiff might be eligible for must be applied for through his tax return, as it is the responsibility of the IRS, not the Court, to make determinations on rebate or credit eligibility.  26 U.S.C. § 6428(f)(3)(B).

Furthermore, the Court finds Plaintiff has not cured the previously identified pleading defects with respect to jurisdiction.  As previously noted, in order to bring a suit against the Government to seek a tax refund, Plaintiff was required to file an administrative claim with the IRS. 26 U.S.C. § 7422(a).  In his amended complaint, Plaintiff concedes he never did this.  (See ECF No. 10 at 3.)  Moreover, Plaintiff reiterates he never received a response from the IRS such that, even liberally construing Plaintiff's alleged correspondences to the IRS as an administrative claim, the Court cannot find Plaintiff received a decision on his claim.  See 26 U.S.C. § 6532(a)(1).[4]  Therefore, the Court finds that it lacks jurisdiction over the matter.

Because Plaintiff was granted an opportunity to amend but appears unable to cure the previously identified pleading defects, the undersigned recommends Plaintiff's amended complaint be dismissed without leave to amend and that this action be dismissed.  See Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) ("When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment."); see also Ecological Rights Found. v. Pac. Gas & Elec. Co., 713 F.3d 502, 520 (9th Cir. 2013) (holding the court's discretion to deny leave to amend is "particularly broad" where the plaintiff has previously amended his complaint).

## III.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.     Plaintiff's first amended complaint (ECF No. 10) be DISMISSED, without leave to amend, for lack of jurisdiction; and

2.     The Clerk of the Court be directed to CLOSE this case.

---

[4] Section 6532 provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

1    These findings and recommendations are submitted to the district judge assigned to this

2    action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

3    **(14) days** of service of this recommendation, any party may file written objections to these

4    findings and recommendations with the Court and serve a copy on all parties.  Such a document

5    should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

6    district judge will review the magistrate judge's findings and recommendations pursuant to 28

7    U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

8    time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th

9    Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

10

11   IT IS SO ORDERED.

12   Dated:   **October 15, 2021**

                                               UNITED STATES MAGISTRATE JUDGE